CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 0 8 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SONYA D. SAWYERS, | ) | |
| | ) | Civil Action No.: 7:08cv00258 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Samuel G. Wilson |
| BIG LOTS STORES, INC., | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

In this diversity action[1] Sonya D. Sawyers filed suit against Big Lots Stores, Inc. ("Big Lots") for injuries she sustained after slipping and falling on a liquid in a Big Lots store. During discovery, Sawyers has failed to provide both initial disclosures under Fed. R. Civ. P. 26(a)(1) and expert disclosures under Fed. R. Civ. P. 26(a)(2), and has violated a court order compelling her to respond to Big Lots's interrogatories and requests for production of documents. Pursuant to Federal Rules of Civil Procedure 16 and 37, Big Lots has moved this court to dismiss and to award Big Lots reasonable attorney's fees. In response, Sawyers has provided no justification for these discovery failures. The court denies the motion because it can fashion a more tailored remedy that corrects any prejudice that Sawyers has caused Big Lots. For the reasons that follow, the court will (1) permit her to introduce evidence at trial *only* upon her prior showing that she disclosed the evidence she seeks to introduce before the October 15, 2008 close of discovery and that Big Lots will not be prejudiced substantially by its inability to engage in relevant follow-up discovery; and (2) require her to pay reasonable expenses, including

---

[1] Jurisdiction is proper under 28 U.S.C. § 1332(a) because Sawyers is a citizen of Virginia, Big Lots is incorporated and has its principal place of business in Ohio, and Sawyers seeks $1,000,000 in damages.

attorney's fees, caused by her failure to comply with her discovery and disclosure obligations.

I.

Big Lots removed this suit from the Circuit Court for the City of Roanoke on March 31, 2008, and the court entered its scheduling order on April 14, 2008 with an agreed-upon trial date of January 13-15, 2009. The order also provided a schedule for discovery and for expert disclosures but noted that the parties were free to amend its disclosure and discovery provisions by submitting an agreed-upon written plan that satisfied the requirements of Rule 26(f) within 10 days. The parties filed a written joint discovery plan on April 24, 2008 which provided, in part, for Rule 26(a)(1) initial disclosures by May 14, 2008 and Sawyer's Rule 26(a)(2) expert disclosures by August 25, 2008, and which closed discovery on October 15, 2008.

Sawyer did not make the initial disclosures called for by the agreed-upon discovery plan, and her counsel was permitted to withdraw on June 17, 2008. The court noted, however, in its order permitting Sawyer's counsel to withdraw that its scheduling order (as amended) and trial date remained in effect. Nevertheless, Sawyers failed to respond to Big Lots's interrogatories and request for production of documents and failed to attend a properly noticed deposition. As a result, the United States Magistrate Judge ordered her to respond to Big Lots's interrogatories and request for production of documents by September 15, 2008 and to submit to a properly noticed deposition before September 30, 2008. The Magistrate Judge warned Sawyers in his order that failure to comply could result in "monetary sanctions" or dismissal. Sawyers produced some documents and submitted to a deposition on September 17, 2008, although she failed to respond properly to the interrogatories and request for production of documents in accordance with the Rules of Civil Procedure.

2

On September 30, 2008 Big Lots moved for sanctions including dismissal and attorney's fees. On October 9, 2008 an attorney noticed his appearance on her behalf and served Sawyers's responses to the interrogatories and request for production of documents. On November 7, 2008 Big Lots noticed its Motion to Dismiss for November 18, 2008, which the court heard on that date and took under advisement pending mediation before the Magistrate Judge. Mediation failed, and because Sawyers failed to cooperate in discovery in a timely fashion the court was forced to remove the matter from its January 13, 2009 trial date. Sawyers never made initial disclosures despite agreeing to do so by May 14, 2008, and never made expert disclosures despite agreeing to do so by August 25, 2008. Discovery closed on October 15, 2008.

## II.

Big Lots argues that dismissal of this case is the appropriate sanction for Sawyers's discovery violations. Sawyers offers nothing in response to this argument. It is clear that Sawyers has failed to participate in discovery in any meaningful way: she failed to make timely initial disclosures, failed to respond in a timely manner to Big Lots's interrogatories and request for production of documents, failed to attend her properly noticed deposition, failed to answer the interrogatories and request for production of documents properly before her rescheduled deposition even after being ordered to do so by the Magistrate Judge, and failed to disclose experts. As a consequence, the court was compelled to remove the case from its scheduled trial date. Time has been lost, and Big Lots has no doubt incurred considerable expense in an effort to prepare blindly. To this date Sawyers has offered nothing to excuse her noncompliance.[2] Under the circumstances, the court will: (1) permit her to introduce evidence at trial *only* upon her prior

---

[2] The Court intends no criticism of her counsel, who entered this case late.

showing that she disclosed the evidence she seeks to introduce before the October 15, 2008 close of discovery and that Big Lots will not be prejudiced substantially by its inability to engage in relevant follow-up discovery; and (2) require her to pay reasonable expenses, including attorney's fees, caused by her failure to comply with her discovery and disclosure obligations.

Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to impose sanctions on a party that has failed to obey either a discovery order or a scheduling order. See Fed R. Civ. P. 16(f)(1)(C), 37(b)(2)(A). Under this rule, a court "may issue further just orders" that include ordering that designated facts be established for the purposes of an action, prohibiting the disobedient party from introducing evidence, striking pleadings, staying further proceedings until the disobedient party obeys the order, dismissing the action, rendering a default judgment, and treating the failure to obey the order as contempt of court. Fed R. Civ. P 37(b)(2)(A). Because these sanctions are not mutually exclusive, the court "may impose any combination of sanctions." Bolger v. District of Columbia, 248 F.R.D. 339, 342 (D.D.C. 2008). Although the decision to impose sanctions is within the court's discretion, see Nat. Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam), the court must consider four factors in determining the appropriate sanction: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). Finally, under Rule 37(b) the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

4

Fed R. Civ P. 37(b)(2)(C).

With the above precepts in mind, the court applies the four factors to determine the appropriate sanction. The court initially notes that Sawyers has made no effort to explain or justify her failure to engage in meaningful discovery, and given her persistent failure to cooperate, her silence leaves the court with no choice but to presume bad faith. Similarly, the court must also presume that Sawyers has prejudiced Big Lots. As the Fourth Circuit has noted, "Rule 26 disclosures are often the centerpiece of discovery . . . . A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278 (4th Cir. 2005). This quotation is an apt description of the case at bar: Sawyers's failures have caused the court to remove this case from its calendar, and according to Big Lots, it has incurred considerable expense in blindly preparing a defense, and lost the chance for follow-up discovery. With no explanation from Sawyers, the court must accept Big Lots's argument and presume prejudice. In considering the final two factors, the court finds that the sanctions it is imposing are necessary if this court is going to manage its docket, but it need not dismiss the case as Big Lots has argued. Rather, the court can remedy the prejudice Sawyers caused Big Lots with a more tailored sanction. Accordingly, the court will permit Sawyers to introduce evidence at trial *only* upon her prior showing that she disclosed the evidence she seeks to introduce before the October 15, 2008 close of discovery and that Big Lots will not be prejudiced substantially by its inability to engage in relevant follow-up discovery.

In addition to the above sanction, under Rule 37(b)(2)(C), since the court has found that

Sawyers's has not substantially justified her failure to comply and an award of expenses would not be unjust, the court requires Sawyers to pay the reasonable expenses, including attorney's fees, caused by her failure to comply with her discovery and disclosure obligations.

### III.

For the reasons stated above, Big Lots' Motion to Dismiss is **DENIED**, and the court will impose sanctions in accordance with this memorandum opinion.

**ENTER**: This 7th day of January, 2009.

UNITED STATES DISTRICT JUDGE