CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 24 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SONYA D. SAWYERS, | ) |
| | ) Civil Action No.: 7:08cv00258 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) **& ORDER** |
| | ) |
| BIG LOTS STORES, INC., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendant. | ) |

This matter is before the court on Plaintiff Sonya D. Sawyers's Motion to Reconsider the Court's Dismissal. On April 27, 2009, the court entered a Final Order dismissing this action because Sawyers failed to respond to the Show Cause Order the court entered on April 8, 2009. Sawyers now moves the court to reconsider its Final Order because Sawyers's counsel did not notice the Show Cause Order in his electronic mail until after he received the Final Order dismissing the case. The court denies the motion.

I.

Sawyers's diversity action against Big Lots sought recovery for injuries she sustained after slipping and falling in a Big Lots store. Unrepresented during most of discovery, Sawyers was uncooperative: she never provided initial disclosures or expert disclosures, refused to sit for a deposition until compelled by court order, and then violated that order by not responding to Big Lots's interrogatories and request for production of documents in a timely and appropriate manner. Big Lots moved to dismiss, but the court denied that motion, instead imposing a tailored sanction that (1) permitted Sawyers to introduce evidence at trial *only* upon her prior showing that she had disclosed the evidence she seeks to introduce before the close of discovery and that Big Lots would not be prejudiced substantially by its inability to engage in relevant

follow-up discovery, and (2) required Sawyers to pay the reasonable expenses, including attorney's fees, caused by her failure to comply with her discovery and disclosure obligations.

When Sawyers neither prosecuted her case nor complied with Big Lots's request for attorney's fees, Big Lots renewed its Motion to Dismiss. On April 8, 2009 the court ordered Sawyers to show cause within ten days as to why the court should not enforce the award of sanctions and dismiss her case. Sawyers never responded and the court dismissed her case on April 27, 2009. Sawyers moved to reconsider on May 1, 2009, explaining that her counsel did not notice the Show Cause Order in his electronic mail until after he received the Final Order dismissing the case.

## II.

Sawyers moved to reconsider the court's dismissal of her case within ten days of the court's Final Order, but she did not reference a specific Federal Rule of Civil Procedure. Therefore, the court will consider her motion "as a Rule 59(e) motion to alter or amend a judgment, [and] a Rule 60(b) motion for relief from a judgment or order." In Re Burnley, 988 F.2d 1, 2 (4th Cir. 1993). Considered under either rule, the court denies Sawyers relief from the court's Final Order.

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment if the motion is filed within ten days of entry of the judgment. The court "has considerable discretion in deciding whether to modify or amend a judgment," but that remedy should "be used sparingly." Gagliano v. Reliance Std. Life Ins. Co., 547 F.3d 230, 241 n.8 (4th Cir. 2008). "[T]here are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

2

a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Sawyers's only ground for relief is her counsel's inattentiveness. Under these circumstances, the court perceives no reason to exercise its discretion and amend its Final Order dismissing her case. Accordingly, the court denies the motion under Rule 59(e).

Sawyers's motion fares no better under Federal Rule of Civil Procedure Rule 60(b). Under that rule, a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or *excusable neglect*." Fed. R. Civ. P. 60(b)(1) (emphasis added). Because Sawyers does not specifically assert any of these grounds for relief, the court construes her basis for relief as excusable neglect. Whether a party's neglect is excusable is an equitable determination that considers "all relevant circumstances surrounding the party's omission," including (1) "the danger of prejudice to the [non-movant]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). Under the Pioneer analysis, it is "appropriate to hold a client accountable for the mistakes of counsel."[1] Thompson

---

[1] The Fourth Circuit has applied a more lenient standard when considering a motion seeking relief from a default judgment. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988). Under this standard, "[w]hen the party is blameless and the attorney is at fault . . . a default judgment should ordinarily be set aside" if the movant acted in a timely fashion, avoided unfair prejudice to the non-movant, and offered a meritorious defense. Id. When considering a motion seeking relief from a dismissal, the Fourth Circuit has instead applied the stricter Pioneer analysis. See Point PCS, LLC v. Sea Haven Realty & Constr., 95 Fed. App'x 24, 27 (4th Cir. 2004) ("Augusta applies to 60(b) motions for relief from default judgments. When considering the 'excusable neglect' standard as applied to the dismissal of the complaint, the district court correctly applied the stricter standard articulated in Pioneer."); Cronin v. Henderson, 209 F.R.D. 370, 371 (D. Md. 2002) (applying Pioneer to a dismissal for

3

v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) (citing Pioneer, 507 U.S. at 396-97). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Id. at 534.

Applying these principles, the court concludes that Sawyers cannot demonstrate excusable neglect. Her counsel's failure to notice the April 8 Show Cause Order in his electronic mail amounts to "nothing more than inexcusable run-of-the-mill inattentiveness by counsel." Id. at 535.[2] But in reaching this conclusion the court notes that Sawyers's counsel inherited a case saved from dismissal only by the restrictive evidentiary sanctions the court designed to remedy the discovery abuses Sawyers herself committed. Her own defaults, prior to any involvement by her current counsel, left her case bereft of any realistic basis for recovery. Accordingly, the court denies her motion under Rule 60(b).

### III.

For the reasons stated, it is **ORDERED** and **ADJUDGED** that Sawyers' Motion to Reconsider is **DENIED**.

**ENTER**: This 2 7th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

failure to effectuate service of process when a plaintiff did not respond to a show cause order).

[2] See also Wilson v. Thompson, 138 Fed. App'x 556, 557 (4th Cir. 2005) (finding no excusable neglect when plaintiff's counsel did not receive an electronic order, even though that order was electronically mailed to the address her counsel had registered with the court); Holliday v. Duo-Fast Md. Co., No 89-1496, 1990 WL 74425 at *2 (4th Cir. May 4, 1990) ("[Counsel's] careless handling of [a properly-served] motion and his failure to respond because he did not 'realiz[e] what the Motion was' is not the kind of excusable neglect provided for in Rule 60(b)(1).").

4